IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

IN RE:   SUSAN JEAN WALTERS        *        CASE NO.: 04-35599-JFS

                                Debtor.        *        CHAPTER 7

*  *  *  *  *  *  *  *  *  *  *  *  *

**RESPONSE TO MOTION TO ENTER ORDER COMPELLING
ACTIONS AND COOPERATION BY THE DEBTOR AND ISSUING A
WRIT OF ASSISTANCE FOR THE U.S. MARSHAL**

    Comes now Felicia Freeman, (the "Co-Owner"), by counsel, Jeffrey M. Sirody and Sirody, Freiman & Feldman, P.C. and in response to the *Trustee's Motion to Enter Order Compelling Actions and Cooperation by the Debtor and Issuing a Writ of Assistance For The U.S. Marshal* and states that the allegations contained in the Motion are generally denied and more specifically states:

1)     The allegations contained in Paragraphs 1 through 5 of the Motion are admitted.

2)     No response is necessary to the allegations contained in Paragraph 6 of the Motion.

3)     The allegations contained in Paragraph 7 of the Motion are admitted.

4)     No response is necessary to the allegations contained in Paragraph 8 of the Motion.

5)     The allegations contained in Paragraph 9 of the Motion are neither admitted nor denied.

6)     The allegation contained in Paragraph 10 of the Motion is admitted.

7)     The allegation contained in Paragraph 11 of the Motion is admitted.

8)     The allegations contained in Paragraph 12 of the Motion are admitted.

9)     The allegations contained in Paragraph 13 of the Motion are admitted.

10)     Ms. Freeman is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Motion.

11)     The allegations contained in Paragraph 15 of the Motion are admitted in part and denied in part.

12) The allegation contained in Paragraph 16 of the Motion is admitted.

13) The allegation contained in Paragraph 17 of the Motion is denied.

### First Affirmative Defense

Ms. Freeman asserts that the Trustee has improperly inverted the order of his request for relief, thereby putting the proverbial cart before the horse. Ms. Freeman is not a Debtor in this or any other bankruptcy case and therefore the Trustee is without authority to compel her to vacate the premises, or enlist the assistance of the United States Marshal to do so. While the Trustee may own a one-half interest in the property, so does Ms. Freeman. Ms. Freeman should not be required to vacate the property, reside on the street and wait for the Trustee to dispose of the property. Unless and until the Trustee pays Ms. Freeman for her interest in the property, he is entitled to no assistance in removing her from the property.

### Second Affirmative Defense

Section 105 does not apply to these facts. Ms. Freeman is not a debtor in bankruptcy.

WHEREFORE, the Debtor requests that the Court deny the Motion.

Date: January 13, 2010            Respectfully submitted,

_____/s/_____
Jeffrey M. Sirody, Esquire, Fed. Bar No.: 11715
SIRODY, FREIMAN & FELDMAN, P.C.
1777 Reisterstown Road, Suite 360 E
Baltimore, Maryland 21208
(410) 415-0445

Attorney for Felicia Freeman

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this, the 13th day of January 2010, a copy of the foregoing *Response to Trustee's Motion to Enter Order Compelling Actions and Cooperation by the Debtor and Issuing a Writ of Assistance For The U.S. Marshal* was mailed first class, postage prepaid, to:

James M. Hoffman, Esquire
Offit Kurman, P.A.
4800 Montgomery Lane, 9th Floor
Bethesda, MD 20814

Wilbur Bolton, Esquire
Bolton and Kearney
102 S. Park Street
Aberdeen, MD 21001

Susan Jean Walter
2806 Beckon Drive
Edgewood, MD 21040

Bud S. Tayman, Esquire
6301 Ivy Lane, Suite 140
Greenbelt, MD 20770

United States Trustee
Garmatz Building
101 W. Lombard Street, Suite 2625
Baltimore, MD 21201-2668

                                                    ____/s/_____
                                                    Jeffrey M. Sirody, Esquire